

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA :
        Plaintiff, :
                            :
                            :      CASE NO. 3:02CR95 (AHN)
v. :
                            :
TRAVIS T. STEVENS :
        Defendant. :

    The Defendant comes before this court seeking the reduction of his prison sentence pursuant to 18.U.S.C. § 3582(c)(2)(2000).

    The Defendant asks that this court give retroactive effect to Amendment (706) under U.S.S.G. § 1B1.10(c) and reduce his sentence from 120 months to 108 months. The sentencing commission has expressly designated Amendment (706) as one that may be applied retroactively U.S.S.G. § 1B1.10(c) P.S. (2000).

    The District Court makes two determinations in deciding whether or not to modify a sentence under 18 U.S.C. § 3582(c)(2). Under the first step the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the Defendant was sentenced U.S.S.G. § 1B1.10(b), P.S. The District Court determines what sentence it would have imposed had the sentencing range been the range at the time of the original sentencing, leaving untouched all other previous factual decisions concerning particularized sentencing factors. See (United States v. Wyatt) 115 F. 3d 606, 609 (8th Cir. 1997). Such factors include inter alia role in the offense, obstruction of justice, victim adjustments, more minimal planning, and acceptance of responsibility. Id.

1

In this particular case the Defendant did willingly provide substantial assistance to the United States Government (enough assistance to be granted a downward departure under 18 U.S.C. § 3553(e)) therefore, allowing the court the room to depart from the original guideline range. The court used the previous low end of the guideline range as a starting point for the 5K1.1 motion. Now due to the new amendment, the Defendant is seeking a new starting point for the government's motion. Accordingly, the District Court should simply determine the guideline range that would have applied in the case had Amendment (706) been in effect ab initio.

Here the relevant guideline range would be 188-235 months. Having established the applicable amendment guideline range, the court next considers the factors contained in 18 U.S.C. § 3553(a) and exercise of it's thus informed discretion decided whether or not to modify the original sentence previously imposed (Wyatt 115 F. 3d at 609, 18 U.S.C. § 3582 (c)(2)). The factors set forth in § 3553(a) are the following: (1) nature and circumstances of the offense and the history and characteristics of the defendant (2) the need for the sentence imposed (3) the kinds of sentences available (4) the applicable sentencing range under the guidelines (5) any pertinent sentencing commission policy statement (6) the need to avoid unwarranted sentencing disparities among defendants and (7) the need to provide restitution to victims U.S.C. § 3553(a).

Put more succinctly the Statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution general deterrence, specific deterrence and rehabilitation.

### (BRIEF HISTORY)

On October 29, 2002, pro se petitioner Travis T. Stevens pled guilty to the one count information charging him with conspiracy to possess with the intent to distribute 50 grams or more but less than 150 grams of cocaine base, which was in violation of Title 21 United States Code Section 846 and 841(b)(1)(A)(iii). A charge that carried five years supervised release.

On May 22, 2003, pro se petitioner Travis T. Stevens was sentenced to 120 months with credit for time served from July 23, 2002 with five years supervised released.

The courts also included that the Defendant shall participate in a substance abuse treatment program, either inpatient or outpatient. The Defendant shall also participate in the 500-hour drug program. The Defendant was also ordered to pay a special assessment fee of $100 dollars, which he paid in full.

The Defendant at the time of sentencing showed his remorse for the crime he pled guilty to, which was rewarded with an acceptance of responsibility. He even went as far as extending his hand to help, and continue to help the government upon his release. If the court will pay very close attention to the Defendant's past, you will see that he was young when most of the crimes occurred. Even when this one count of conspiracy was committed he was a young man. If you take the time to go over the Defendant's past offenses you will clearly see that most of the crimes were possession of small quantities of drugs, clearly for personal use. Even in this offense the Defendant admitted to participating in the conspiracy, only to support his enormous drug habit. The Defendant stated that he used at least a gram of cocaine a day and had no idea who the Brewer organization was buying their product from.

During the time each offense from the Defendant's past was committed, he always held down a steady job. The Defendant went to Omaha, Nebraska and completed Barber School in 1994. Since 1995, the Defendant has worked in several barbershops in Nebraska, North Carolina and Connecticut. Even when this case was developing the Defendant was in the works of starting his own barbershop/salon business.

The Defendant is a true provider for his family who loves him and misses him dearly. When the Defendant was incarcerated his children were the tender age of eight and nine years old. Today they stand 15 and 16 years old and he has clearly lost some precious years.

The Defendant knows that he can never get those years back, but he still continues to hold his head high and tries his best to make sure that his children do the same. Even though being away from them for so long is definitely damaging to them in many ways, who knows how his absence will effect their being. The Defendant tries to stay in his children's lives the best that he can by writing them letters twice a week and one phone call daily. When able to do so, the Defendant sends his hard-earned B.O.P. check to them just to show some kind of support. The Defendant is truly an example of growing up without a father in the home and a mother who struggled with drug problems of her own. He clearly sees his mistakes and choices in life and fully understands how they affected his present state. The Defendant is definitely a believer in what you do today, clearly effects how you live tomorrow. So with that motto imbedded in the Defendant's head, he is fully aware that what he participated in effected the community and the lives of children, just like his own children who are now growing up fatherless or with parents with drug habits, like he once had. But, due to programs such as the 40-hour drug program, parenting programs, commitment to change programs and (last but certainly not least) the 500-hour drug program (which the Defendant will not be able to attend due to B.O.P. policy). The two-point gun enhancement knocked the Defendant out of it, which he could have escaped if Blakely/Booker was retroactive.

Evenstill, the Defendant has truly rehabilitated himself by becoming a published author since his incarceration. He has two novels published, three short stories, and is currently working on a children's book. He is helping Reverend D.R. Will McKay and Love Tabernacle Church Inc. in West Haven, Connecticut to put sermons into book format for the community. He is also doing the groundwork for his own non-profit organization titled R.O.C. (Rebuilding Our Community). The organization will consist of afternoon programs such as the YMCA, which strives to ensure it's students (which will usually come from low-income single-parent households) to learn about investing. First-graders through 12th graders are welcome to come in

4

and learn about economics, Spanish, entrepreneurship and international investing, which will give the youth another look at life instead of sports, entertainment and drugs as a way out. Upon his release the Defendant hopes to get enough supporters to help him break ground with the afternoon program. He also has a barber job awaiting him at Ashe Barbershop in New Haven, Connecticut upon his release from federal prison.

It is beneficial to the Defendant to be re-sentenced under the new amendment of 108 months only 12 months from his original sentence of 120 months. If granted, the Defendant would be able to attend both of his daughter's graduation ceremonies, which would mean so much to them and himself. We all know the importance of seeing your parents at graduation, it's just something about them seeing us walk across that stage.

The Defendant clearly understands that the courts gave him a tremendous break already by departing from the low end 235-293 months to 120 months in the first place. It was truly a blessing for him and he does thank the court, which is why the Defendant has never tried to appeal his sentence. He admits that he did need prison time in order for him to see the big picture and what really counts in life. The Defendant also thanks the court for not slapping him on the wrist and sending him back out into society. The Defendant admits that the time he has served in federal prison has given him a better visual on providing for his family, being a better man and being civilized. The Defendant promises himself, his children and the courts that if he is rewarded with the two-point downward departure that he would truly do the community more good than harm. He is 100 percent sure that the community needs a program such as the R.O.C. program and insists that it is the only way to help change the constant killing by teens, drug cases by teens, and the crooked cop situation in the neighborhoods. The Defendant insists that we must rebuild our community, and has already taken the proper steps (with the help of his sister Tallula Stevens, who has been encouraged by the defendant) to form Sharp Vision Productions, LLC. Through Sharp Vision Productions, LLC, people like the defendant can be heard by

expressing themselves through poetry, novels and published lectures. The Defendant is teaming up with the New Haven Alliance (Germon Kimbro) and the People Against Injustice (Barbara Fair) to help rebuild our communities.

Hopefully, the Defendant has clearly shown the courts why he is seeking the new guideline range of 188-235 months, so the courts could depart from it just as they have with the old guideline range of 235-293 months. The Defendant is only looking for a better starting point for the governments 3553(e) 5K1.1 motion. If something as such is possible, he would be very appreciative and will take full advantage of rebuilding his prior community. The Defendant has included a copy of the government's downward departure motion along with different program certificates and supporting letters from friends, family and people in the community.

Please take in mind when deciding that the Defendant has already completed over half of his prison term of 120 months (the defendant has served almost 72 months). He was required to serve 100 months provided he earned all of his good time and received the full halfway house required of six months.

In conclusion, the Defendant respectfully requests that this court grant his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and depart from the new sentence just as they have done with the present one.

Respectfully Submitted,

#22092-056 TRAVIS STEVENS pro se
FCI ALLENWOOD LOW
P.O. BOX 1000
WHITE DEER, PA 17887-1000

```
   ALFP8           *         INMATE EDUCATION DATA         *    02-25-2008
PAGE 001 OF 001 *                 TRANSCRIPT               *    14:41:08

REGISTER NO: 22092-056    NAME..: STEVENS                     FUNC: PRT
FORMAT.....: TRANSCRIPT   RSP OF: ALF-ALLENWOOD LOW FCI

------------------------------ EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION                    START DATE/TIME STOP DATE/TIME
ALF  ESL HAS    ENGLISH PROFICIENT             07-16-2003 0757 CURRENT
ALF  GED HAS    COMPLETED GED OR HS DIPLOMA    08-17-2003 0902 CURRENT

------------------------------- EDUCATION COURSES -----------------------------
SUB-FACL  DESCRIPTION                   START DATE  STOP DATE  EVNT AC LV  HRS
ALF       PUBLIC SPEAKING               10-09-2007 12-11-2007   P   C  P    20
ALF       COMMITMENT TO CHANGE          05-10-2007 06-26-2007   P   C  P    12
BUF       DAY CLASS FOR DRUG EDUCATION  09-04-2003 11-06-2003   P   C  P    40

------------------------------- HIGH TEST SCORES ------------------------------
TEST         SUBTEST           SCORE     TEST DATE       TEST FACL   FORM    STATE
ABLE         LANGUAGE           5.6      08-15-2003      BUF
             NUMBER OPR         5.6      08-15-2003      BUF
             PROB SOLV          2.9      08-15-2003      BUF
             READ COMP         13.0      08-15-2003      BUF
             SPELLING           7.5      08-15-2003      BUF
             VOCABULARY         6.9      08-15-2003      BUF




G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

# STATE OF CONNECTICUT
## BOARD OF PARDONS & PAROLES
## INTERSTATE COMPACT OFFICE
## 55 WEST MAIN STREET, SUITE 520
## WATERBURY, CT 06702

TELEPHONE: (203) 805-6605                                FAX: (203) 805-6652

M. JODI RELL                                             ROBERT FARR
Governor                                                 Chairman

## **RELEASE TO DETAINER**

STEVENS,TRAVIS is being released on parole and turned over to Federal Authorities for Federal Detainer.

If the said STEVENS,TRAVIS is released from custody at any time before 06/02/11, the expiration of the maximum 8 Year Connecticut sentence, and on which sentence he is now being released on parole, said STEVENS,TRAVIS must immediately contact:

Interstate Compact Office
Connecticut Board of Parole
95 Scovill Street, Waterbury CT 06702
(203) 805-6683

or unless instructed to report to a Connecticut Parole Office in the district where you will reside. Failure to contact this office or report as instructed will constitute a violation of parole

I, STEVENS,TRAVIS, do hereby declare that I have read the above paragraphs which are part of my parole agreement and I hereby accept the conditions imposed therein.

Signed, in duplicate, this 7th day of Feb, 2008.

X _____          X _____
Parolee's Signature                        Witness

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **FILED UNDER SEAL** |
| v. | : | |
| TRAVIS STEVENS | : | DOCKET NO. 3:02CR95(AHN) |

### GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE

Pursuant to Section 5K1.1 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(e), the Government moves the Court to depart downward from the defendant's guidelines as calculated in the Presentence Investigation Report, inasmuch as the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses.

The grounds which support the granting of this motion are set forth in the Government's Memorandum in Support of Motion for Downward Departure.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

PETER D. MARKLE
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. ct05098

H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. ct05153
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700

5/21/03. GRANTED. SO ORDERED.
ALAN H. NEVAS, U.S.D.J.

Judge Allen H. Nevaz
US District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

RE: Travis Stevens #22092-056
FCI ALLENWOOD LOW
P.O. BOX 1000
WHITE DEER, PA 17887-1000

Dear Judge Nevaz:

First of all I would like thank you for your time and attention to this letter. I want only the best for my brother and his children, and I am very excited about the possibility of an early release date for him.

Travis is ready for his new start in life and I know that this time around he will make the very best of it. He loves his children and has been there for them as much as he can, being locked away. He writes to them and calls them regularly, and encourages them to "be smart" in life and dream big thoughts.

Travis is a very determined person, always has been. He is truly a "go-getter" and even though this may sound strange, I thank God for him being imprisoned. Due to him being imprisoned, it gave him the opportunity to actually realize how much of a "gem" he really is. He accepted his fate, but did not let it get the best of him. He is truly a winner in this situation. He is now a published author and has many more hopes, dreams and ambitions for his future. All, he says is to help others. He has truly grown over the past years and I look forward to getting to know the new man.

Sincerely,

Tallula Stevens
4914 White Oak Loop
Wilson NC 27893

February 10, 2008

*copy*

Judge Alan H Nevas
US District Court
915 Lafayette Boulevard
Bridgeport, Conn. 06604
Re: Travis Stevens (22092-056)

Dear Sir:

This letter comes in support of Mr Travis Stevens being considered for a sentence reduction when his case appears before you in the near future.

Mr Stevens is currently incarcerated at a low security facility in Allenwood, Pennsylvania serving time for a non violent drug offense. He has served over six years for that crime and due to the recent congressional decision relative to the crack vs cocaine disparity he is now eligible for a sentence reduction which could allow him to return to his family and community a year earlier. Our organization contributed to Governor Rell's decision in making reform possible in Connecticut. We are so grateful that this has occurred and now ask that judges in reviewing sentences will consider allowing those deserving to benefit from the policy shift.

Mr Stevens has not spent his time in idleness. He has assisted in building a publishing company (Amiaya) from the ground and is currently working on a blueprint for a non profit organization that will provide various services to families of the incarcerated. Most importantly, Mr Stevens has given much thought to the poor judgment he made in getting involved in the drug trade and is working toward giving back to his community. I ask that you give him that opportunity to return to his community and begin the process of rebuilding his life.

Thanking you for your time and consideration.

Respectfully Submitted,

Ms Barbara Fair, LCSW,
People Against Injustice. New Haven

**Amiaya Entertainment, LLC**
**P.O. Box 1275**
**New York, New York 10159**
**www.amiayaentertainment.com**
**www.myspace.com/amiayaentertainment**
**212.946.6565**
**646.331.3258**
**410.710.7761**
**tanianunez79@hotmail.com**
**inchthomas@hotmail.com**


To: Judge Alan H. Nevas
United States District Court
915 Lafayette Boulevard
Bridgeport, Connecticut 06604


Your Honor, it has come to our attention over here at Amiaya Entertainment, LLC, that *Mr. Travis Stevens*, one of our premiere authors, may have a chance at some relief, due to the recent amendment with the *Crack Laws*. We are proud to here that he may possibly be able to become a physical part of our ongoing leap towards success with our company's evergrowing fanbase. It is very important, for any publishing company, and every author, to be present at literary events & venues, and to attend as many books signings that one possibly can in order for them to reach a high level of success. The fans look forward to meeting their favorite authors, and Mr. Travis Stevens, with his beautiful title, *I Ain't Mad At Ya,* has made quite an impression on the youth that read and has read his material, especially those who thought about living a life of negativity. Mr. Stevens' book has encouraged many to rethink the idea of *running with a bad crowd*. From what we know of him, he is extremely humble, very talented, mature, honest, reliable, caring, responsible and he has his priorities in order. We hope that upon his possible release, that we are able to employ him immediately, because his talent and capabilities are very much demanded over here at Amiaya Entertainment.

Your Honor, please consider our letter, and if you have any questions, comments or concerns, please feel free to contact Mrs. Tania Nunez-Thomas, CEO of Amiaya Entertainement, LLC at any of the emails, phone numbers or address above.

We thank you very much for your time and consideration, in advance, and we hope that our relationship and history with Mr. Travis Stevens is an impact for any relief that may be coming to this young gentleman.


Peace and Blessings Always,
Amiaya Entertainment, LLC

# PROOF OF SERVICE

I certify that on Feb 28-08 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Office of the Clerk
United States District Court
U.S. Court House
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

H. Gordon Hall
Assistant United States Attorney
Federal Bar # ct 05153
157 Church Street
New Haven, C.T. 06510

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 2-28-08 (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: 2-28-08

Rev. 09/05

7