UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | 3:02CR95 (AHN) |
| v. : | |
| : | MARCH 26, 2008 |
| TRAVIS STEVENS : | |

**MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

      The Defendant, Travis Stevens, through counsel hereby moves this Honorable Court for a reduction in the sentence imposed in this case on May 22, 2003. This motion is made pursuant to 18 U.S.C. § 3582(c)(2) and based upon the attached memorandum of points and authorities, all files and records in this case, and such further argument and evidence as may be presented at the hearing on this motion.

**I.   INTRODUCTION**

      On April 15, 2005, Travis Stevens was sentenced after having pled guilty to a substitute information charging him with Conspiracy to Possess With Intent To Distribute 50 Grams Or More of Cocaine Base, in violation of 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(A(iii) and 846. The Court (Nevas, U.S.D.J.) sentenced Mr. Stevens to serve 120 months of imprisonment (with credit for time served from 7/23/02) to serve and five years of supervised release.

      The sentence was imposed under the sentencing guidelines: Mr. Stevens' applicable Guidelines range was calculated to be 235-293 months' imprisonment based upon the following: A Total Offense Level of 35 based on a Base Offense Level of 36 pursuant to ' 2D1.1(c)(2) for a crack cocaine quantity of 500 grams – 1.5 kilograms of crack cocaine, plus two levels for possession of firearms in this offense pursuant to ' 2D1.1(b)(1), minus 3 levels for Acceptance of Responsibility (Guidelines §§ 3E1.1(a) and (b)), and a Criminal History Category IV.

      The sentence imposed by the Court was 120 months, which was imposed after the Court's granting of a motion for downward departure.

Subsequent to Mr. Stevens' sentencing – on November 1, 2007 – an amendment to § 2D1.1 of the guidelines took effect, which, generally, reduces base offense levels for most quantities of crack cocaine by two levels and, specifically, reduces the base offense level for the 500 grams – 1.5 kilograms quantity of crack cocaine in this case by two levels, to a Level 34. *See* U.S.S.G. § 2D1.1(c)(3). This amendment was adopted in response to studies which raise grave doubts about the fairness and rationale of the 100-to-1 crack/powder ratio incorporated into the sentencing guidelines. *See generally* United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2007) (hereinafter "2007 Sentencing Commission Report"); United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2002); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (April 1997); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (Feb. 1995). See also Kimbrough v. United States, 128 S. Ct. 558, 568-69 (2007) (discussing history of crack cocaine guideline and various Sentencing Commission reports). Yet the amendment is only a partial response, as the Sentencing Commission itself recognized. The Commission explained:

> The Commission, however, views the amendment only as a partial remedy to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to these problems. Any comprehensive solution requires appropriate legislative action by Congress. It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 drug quantity ratio.

2007 Sentencing Commission Report, *supra*, at 10.

Subsequent to the effective date of this amendment to § 2D1.1, the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. § 3582(c)(2). It took that action on December 11, 2007, by including this amendment in the list of retroactive amendments in § 1B1.10 of the guidelines. *See* 73 Fed. Reg. 217-01 (2008). Based on this retroactivity, the statutory authority underlying it, and the Supreme Court's intervening

2

decisions in <u>United States v. Booker</u>, 543 U.S. 220 (2005); <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007). <u>Gall v. United States</u>, 128 S. Ct. 586 (2007); and <u>Kimbrough v. United States</u>, <u>supra</u>, Mr. Stevens brings this motion to reduce his sentence.

### **ARGUMENT**

**MR. STEVENS' BASE OFFENSE LEVEL SHOULD BE REDUCED FROM 36 TO 34, AND CONSEQUENTLY HIS TOTAL OFFENSE LEVEL SHOULD BE REDUCED FROM 35 TO 33, AND THE GUIDELINE RANGE REDUCED FROM 235-293 MONTHS TO 188-235 MONTHS, BASED ON THE AMENDMENT TO § 2D1.1.**

18 U.S.C. § 3582(c)(2) provides as follows: [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guidelines policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement. And one of the amendments which is listed is amendment 711 to the guidelines. That is the amendment which reduced the base offense level for crack cocaine offenses. *See* U.S.S.G., App. C, § 711.

Application of this amendment to the crack cocaine guideline in the present case results in a decrease of the base offense level from 36 to 34, a decrease in the total offense level from 35 to 33, and a decrease in the resulting guideline range from 235-293 months to 188-235 months. Using the percentage reduction employed by the Court in the original sentencing, which was 49%, the sentence under the Amendment would be 96 months.

Assistant United States Attorney H. Gordon Hall does not object to this request for re-sentencing to 96 months of imprisonment.

**CONCLUSION**

The Defendant respectfully requests that the Court re-sentence the Defendant to a term of 96 months imprisonment to reflect the effect of the Guidelines Amendment (with credit for time served from 7/23/02).

        RESPECTFULLY SUBMITTED,
        TRAVIS STEVENS

        By____/s/_____
          FRANK J. RICCIO
          LAW OFFICES FRANK J. RICCIO LLC
          923 EAST MAIN STREET
          P.O. BOX 491
          BRIDGEPORT CT 06601-0491
          Fed Bar #CT 00148
          (203) 333-6135 (phone)
          (203) 333-6190 (fax)
          fricciojd@aol.com (email)
          www.ricciolaw.com (site)

**CERTIFICATION**

I hereby certify that on March 26, 2008, a copy of foregoing was provided to the following counsel and interested parties of record:

| | |
|---|---|
| H. Gordon Hall, Esq.<br>Assistant United States Attorney<br>Office of the United States Attorney<br>157 Church Street<br>New Haven, CT 06510 | Warren Maxwell<br>Deputy Chief United States Probation Officer<br>United States Probation Office<br>157 Church Street, 22nd Floor<br>New Haven, CT 06510 |
| Sarah Merriam, Esq.<br>Assistant Federal Defender<br>265 Church Street, Suite 702<br>New Haven, CT 06510 | Travis Stevens<br>Inmate # 22092-056<br>FCI Allenwood Low<br>PO Box 1000<br>White Deer, PA 17887-1000 |

        By___/s/_____
          FRANK J. RICCIO
          LAW OFFICES FRANK J. RICCIO LLC